AO 245B    (Rev. 3/01) Judgment in a Criminal Case    Sheet 1

MAILED ON    8/21/02

BY    PR

FILED

AUG 2 1 2002

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By PR    Deputy

# UNITED STATES DISTRICT COURT

### District of Alaska

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **BEXHET M. BORDONICI** | Case Number: **F01-0014-01CR(JWS)** |
| | ROBERT NOREEN |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)    1 Through 18 / 20 Through 48 / 50, 54, 55, 56, 66 / 69 Through 93 / 105 Through 119
☐    120 Through 123 Of The Superseding Indictment.

after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 01/31/1998 | 1 |
| 18 U.S.C. § 1708 & 2 | Possession Of Stolen Mail | 09/25/2000 | 2 |
| 18 U.S.C. § 1957 | Money Laundering | 09/26/2000 | 3 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 09/27/2000 | 4 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 10/01/2000 | 5 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 10/05/2000 | 6 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 10/09/2000 | 7 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)    49, 51 / 100 Through 104 / 124,

Count(s) _____ ☐ is    are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: October 8, 1939

Defendant's USM No.: 11066-006

Defendant's Residence Address:

Fairbanks Correctional Center

Fairbanks, AK 99701

August 16, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN W. SEDWICK U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

8-21-02
Date

Defendant's Mailing Address:

Same As Above

F01-0014--CR (JWS)
--------------------------------------------------
R. NOREEN          US PROBATION
S. COOPER (USA)    MAGISTRATE JUDGE MILLER
US MARSHAL         DEF W/CNSLS CY
                   FLU

179

Judgment—Page  2  of  10

DEFENDANT:    **BEXHET M. BORDONICI**
CASE NUMBER:    **F01-0014-01CR(JWS)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §924(c) | Possession of Firearms In Furtherance Of Drug Trafficking Crime | 10/16/2000 | 9 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 10/27/2000 | 10 |
| 18 U.S.C. §924(c) | Possession of Firearms In Furtherance Of Drug Trafficking Crime | 10/27/2000 | 11 |
| 18 U.S.C. § 1708 & 2 | Possession Of Stolen Mail | 09/18/2000 | 12 |
| 18 U.S.C. §1708 & 2 | Possession Of Stolen Mail | 10/16/2000 | 13 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 11/03/2000 | 14 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 11/04/2000 | 15,17 |
| 18 U.S.C. §1956(a)(3)(A) | Money Laundering | 11/04/2000 | 16,18 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 03/06/1998 | 20 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 07/31/1998 | 21 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 01/04/1999 | 22 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 04/11/1999 | 23 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 04/21/1999 | 24,30 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 06/11/1999 | 25 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 06/24/1999 | 26 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 09/15/1999 | 27 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 09/20/1999 | 28 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 10/28/1999 | 29 |
| 21 U.S.C. §841(a)(1) | Distributing Controlled Substance | 06/24/1999 | 31 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/06/1998 | 32 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/31/1998 | 33 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 01/04/1999 | 34 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/11/1999 | 35 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/21/1999 | 36 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/11/1999 | 37 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/24/1999 | 38 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 09/15/1999 | 39 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 09/20/1999 | 40 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 10/28/1999 | 41 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/21/2000 | 42 |
| 18 U.S.C. § 894 | Debt Collection By Extortionate Means | 08/31/2000 | 44 |
| 21 U.S.C. § 841(a)(1) | Distributing Controlled Substance | 02/22/1999 | 45 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 02/22/1999 | 46 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/12/1999 | 47 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/29/1999 | 48 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/19/1999 | 50 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 11/13/1999 | 54 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 11/27/1999 | 55 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 12/10/1999 | 56 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/10/2000 | 66 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 10/17/2000 | 69 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 01/16/1998 | 70 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 02/06/1998 | 71 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/12/1998 | 72 |
| 18 U.S.C. §1952(a)(3) & §2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/02/1998 | 73 |

Case 4:01-cr-00014-JWS    Document 179    Filed 08/21/2002    Page 3 of 8

Judgment—Page   3   of   10

DEFENDANT:        **BEXHET M. BORDONICI**
CASE NUMBER:      **F01-0014-01CR(JWS)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/30/1998 | 74 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/02/1999 | 75 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/19/1999 | 76 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 03/22/1999 | 77 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/21/1999 | 78 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketecring Enterprise | 11/24/1999 | 79 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 02/08/2000 | 80 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/18/2000 | 81 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/19/2000 | 82 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/02/2000 | 83 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/29/2000 | 84 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 08/28/1998 | 85 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/25/2000 | 86 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/28/2000 | 87 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/03/2000 | 88 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/14/2000 | 89 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/15/2000 | 90 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/16/2000 | 91 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 07/17/2000 | 92 |
| 18 U.S.C.§1952(a)(3) &§2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 10/10/2000 | 93 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 04/14/1998 | 105 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 05/06/1998 | 106 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 07/02/1998 | 107 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 08/01/1998 | 108 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 08/06/1998 | 109 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 09/08/1998 | 110 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 11/02/1998 | 111 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 03/02/1999 | 112 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 04/24/1999 | 113 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 06/07/1999 | 114 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 08/04/1999 | 115 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 09/20/1999 | 116 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 12/17/1999 | 117 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 04/18/2000 | 118 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 11/27/2000 | 119 |
| 18 U.S.C.§ 1956(a)(1)(A)(i)&(B)(i) | Money Laundering | 09/14/2000 | 123 |
| 18 U.S.C.§1952(a)(3) &§ 2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 04/17/2001 | 120 |
| 18 U.S.C.§1952(a)(3) &§ 2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 05/23/2001 | 121 |
| 18 U.S.C.§1952(a)(3) &§ 2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/15/2001 | 122 |
| 18 U.S.C.§1952(a)(3) &§ 2 | Use Of Interstate Facility In Aid Of Racketeering Enterprise | 06/24/2000 | 43 |
| 21 U.S.C.§ 841(a)(1) | Distributing Controlled Substance | 10/13/2000 | 8 |

DEFENDANT:        **BEXHET M. BORDONICI**
CASE NUMBER:      **F01-0014-01CR(JWS)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of    **720 MONTHS**    .

Counts 1,2, 12, 13, 32-43, 46-48,50,54-56, 66,69-93,120-122, 60 Months; Counts 3 and 123, 120 Months; Counts 4-8, 10, 14, 15, 16, 17, 18, 44, 45, 105-119 240 Months; Counts 20,21,23,24,26,27,29,30,31 360 Months; Counts 22,25,28, 360 Months. All such terms to run concurrent; Count 9 5 years consecutive; Count 11 25 years consecutive.

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

    ☐    as notified by the United States Marshal.
    ☐    as notified by the Probation or Pretrial Services Office.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| Judgment—Page | 5 | of | 10 |

DEFENDANT: **BEXHET M. BORDONICI**
CASE NUMBER: **F01-0014-01CR(JWS)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of      5 YEARS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal
           Sheet 3 — Continued 2 — Supervised Release

Judgment—Page ___6___ of ___10___

DEFENDANT:        **BEXHET M. BORDONICI**
CASE NUMBER:      **F01-0014-01CR(JWS)**

# SPECIAL CONDITIONS OF SUPERVISION

1. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol.

2. The defendant shall submit to a warrantless search of person, residence, vehicle, office, place of employment or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.

3. The defendant shall not possess a firearm, destructive device, or other weapon.

/////////////////////////////////////////////////////////////////////////////////////////////////////

AO 245B'    (Rev. 9/00) Judgment in a Criminal C
            Sheet 5, Part A — Criminal Monetary Penalties

Judgment — Page    7    of    10

· DEFENDANT:        **BEXHET M. BORDONICI**
  CASE NUMBER:      **F01-0014-01CR(JWS)**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 9,600.00 | $ | $ |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $_____ | $_____ |
|---|---|---|

☐   If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐   the interest requirement is waived for the    ☐   fine and/or    ☐   restitution.

   ☐   the interest requirement for the    ☐   fine and/or    ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page ___8___ of ___10___

DEFENDANT:        **BEXHET M. BORDONICI**
CASE NUMBER:     **F01-0014-01CR(JWS)**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    X    Lump sum payment of $ ___9,600.00___ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with    ☐  C,    ☐  D, or    ☐  E or  ☐  F below

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E  or ☐  F below

**C**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
```
Forfeiture of all assets listed in the preliminary order of forfeiture
dated June 24, 2002 and July 25, 2002 at docket #171 and #174; The
government shall have the right to execute against the substitute property
up to $91,313.34 which is the amount left unsatisfied by the government's
attempts to collect $106,000.00 cash which has been forfeited.
```

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.